(123 So. 336)

No. 27905.

## WEISENBACH v. McDERMOTT SURGICAL INSTRUMENT CO., Inc.

June 17, 1929.

Prowell, McBride & Ray, of New Orleans, for appellant.

Lewis L. Morgan and E. B. Ellis, both of New Orleans, for appellee.

ST. PAUL, J. Plaintiff alleges that he was employed by defendant as manager of its surgical instrument department for a period of two years from June 23, 1924, at a salary of $135 per week; that on September 12, 1925, he was discharged without just cause. Wherefore he sues for the full amount of his salary for the unexpired term of his contract, to wit, $5,457.87. See Rev. Civ. Code, art. 2749.

The defense is that he was discharged for good and sufficient causes.

The facts are that on July 1, 1922, plaintiff was employed for a period of two years at a salary of $100 per week. As his sales during that period showed a gross profit of 41 per cent. and netted a large profit, his

contract was renewed for another two years at an increased salary of $135 per week.

He was informed, however, not only once, but repeatedly, that, in order to show a net profit in his department, his sales must average a gross profit of 33 per cent., and was instructed to guide himself accordingly.

Nevertheless plaintiff's sales began shortly afterwards to show a gross profit of considerably less than 33 per cent., and for the first six months of 1925 showed a gross profit of only 19 per cent.

The evidence further shows that plaintiff was dissatisfied with his employment and had been endeavoring to establish for himself a business, which would be a competitor for the business done by defendant, and that he was desirous of breaking off his connection with defendant; that within three days after his discharge he obtained employment with one of defendant's competitors at an increase of salary.

The evidence is somewhat conflicting, but the trial judge, who heard and saw the witnesses, found that the defendant had sufficient cause to discharge the plaintiff, and we see no manifest error in his finding.

The judgment appealed from is therefore affirmed.